NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JARED J. BAILEY, | No. 23-35411 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-05973-RJB |
| v. | |
| CITY OF OLYMPIA PROSECUTOR, AKA R. Tye Graham, AKA Rosemary Hewitson; THURSTON COUNTY JAIL; CITY OF OLYMPIA POLICE DEPARTMENT; THURSTON COUNTY, AKA Jon Tunheim, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted September 17, 2024[**]

Before:     WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Jared J. Bailey appeals pro se from the district court's order dismissing his

action alleging federal and state law claims relating to his arrest and criminal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

prosecution. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Bailey's action because Bailey failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts are not required to accept as true allegations that "contradict matters properly subject to judicial notice or by exhibit" or allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation

and internal quotation marks omitted)).

We reject as meritless Bailey's contention that he was entitled to a default judgment.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

23-35411